**In re SEALED CASE.**

**No. 85–5355.**

United States Court of Appeals,
District of Columbia Circuit.

Submitted July 1, 1985.

Decided July 19, 1985.

As Amended Nov. 15, 1985.

Before ROBINSON, Chief Judge, and WRIGHT and TAMM, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM.

This is an appeal from an order of the District Court adjudging appellant[1] in civil contempt for his refusal to testify before the President's Commission on Organized Crime after being directed by the court to do so. Finding no error, we affirm.

I

On March 21, 1985, at 10:00 a.m., appellant appeared at the Commission's offices in Washington, D.C., pursuant to a subpoena commanding his attendance for purposes of a deposition related to a matter under investigation by the Commission. Appellant was accompanied by his attorney, and the Commission was represented by its Deputy Counsel. Appellant was sworn, but, asserting his privilege against self-incrimination, he declined to answer any of the questions put to him.

After a short recess, the Deputy Counsel served appellant with a Commission order dated March 20, the previous day, calling for his testimony and expressly granting him use immunity.[2] Attached to the order

---

1. This court's files on this case have been maintained under seal. In this opinion, we preserve the anonymity of appellant and his counsel.

2. Pub.L. No. 98–368, § 4, 98 Stat. 490, 491 (1984), provides that "[t]he Commission is an agency of the United States for the purpose of part V of title 18 of the United States Code,"

was a letter dated March 21, the day of the deposition, from the Assistant Attorney General in charge of the Criminal Division of the Department of Justice, approving a grant of immunity to appellant and the issuance of an order for his testimony.[3] Because the order made reference to a preexisting authorization from the Assistant Attorney General, appellant objected to its validity and continued his refusal to answer any questions. The proceeding was recessed at 10:35 a.m.

Later that day, at 12:20 p.m., the proceeding resumed. Appellant did not appear personally, but was represented by his attorney, who was served by the Commission's Deputy Counsel with a second Commission order requiring appellant's testimony and granting him immunity. This order

was in all respects identical to the previous order except that it had issued on that day after the morning session. Attached to the second order was the same letter of authorization from the Assistant Attorney General that had been appended to the first order. At that point, appellant's attorney stipulated that if appellant were present and the same questions were put to him as were asked of him earlier that day, his answers would be the same. The proceeding concluded without further ado at 12:35 p.m.

That afternoon, on the basis of appellant's refusal to testify and the likelihood that he would continue to refuse, the Commission filed in the District Court a motion to compel his testimony.[4] Following a

consisting of 18 U.S.C. §§ 6001–6005 (1982), and dealing with immunization of witnesses and orders for their testimony. The two provisions relevant to this case are §§ 6002 and 6004, each quoted in pertinent part *infra* note 3.

3. The Commission obviously was endeavoring to pursue relevant statutory procedures. 18 U.S.C. § 6002 (1982) provides in pertinent part:

Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—

\*     \*     \*     \*     \*     \*

(2) an agency of the United States,

\*     \*     \*     \*     \*     \*

and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

And 18 U.S.C. § 6004 (1982) provides:

(a) In the case of any individual who has been or who may be called to testify or provide other information at any proceeding before an agency of the United States, the agency may, with the approval of the Attorney General, issue, in accordance with subsection (b) of this section, an order requiring the individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this part.

(b) An agency of the United States may issue an order under subsection (a) of this section only if in its judgment—

(1) the testimony or other information from such individual may be necessary to the public interest; and

(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

Use immunity is to be contrasted with transactional immunity. "Use immunity prohibits the witness's compelled testimony and its fruits from being used in any manner in connection with criminal prosecution of the witness.... On the other hand, transactional immunity accords immunity to the witness from prosecution for the offense to which his compelled testimony relates." *In re Kilgo*, 484 F.2d 1215, 1220 (4th Cir.1973) (citations omitted). See also *Application of United States Senate Select Comm. on Presidential Campaign Activities*, 361 F.Supp. 1270, 1274 (D.D.C.1973).

4. The Commission may seek assistance from the courts pursuant to Pub.L. No. 98–368, § 2(b)(1), 98 Stat. 490 (1984). This section provides in pertinent part:

In case of contumacy or refusal to obey a subpoena issued to a person under this section, a court of the United States within the jurisdiction of which the person is directed to appear or produce information, ... may upon application by the Attorney General, issue to such person an order requiring such person to appear before the Commission, or before a member of the Commission, or a member of the staff of the Commission designated by the Commission for such purpose, there to give testimony or produce information relating to

prompt hearing, at which counsel for both sides appeared, the court issued an order directing appellant to testify. A little later, at 4:45 p.m., the parties and counsel returned to the Commission's offices, whereupon the Deputy Counsel served the court's order on appellant and resumed questioning. Appellant still declined to furnish any answers.

The Commission then moved in the District Court for a civil-contempt order.[5] At 5:54 p.m., the parties and their counsel again appeared before the court, whereupon appellant personally acknowledged that he understood the consequences of his refusal to testify despite the grant of immunity, and declared that he nevertheless would continue to remain silent on grounds of self-incrimination. The District Court entered an order adjudging appellant in civil contempt, and directing that he be held in custody until he complies with the order, but in no event beyond the life of the Commission, which expires on March 30, 1986.

Appellant challenges the District Court's contempt order on two principal grounds, both related to the underlying Commission proceeding. First, he claims that the Commission's purported grant of immunity was invalid because it was not communicated to him by "the person presiding over the proceeding" as required by statute.[6] Appellant maintains that because the Commission's Deputy Counsel, who communicated the order to him, was attempting to take his deposition, he could not be the "person

presiding" within the meaning of the statute. Second, appellant contends that his counsel's stipulation during the Commission proceeding that he would continue to refuse to answer questions did not constitute a sufficient basis for the court's contempt order. We reject appellant's arguments.

## II

As we have noted, the President's Commission on Organized Crime is empowered to utilize the statutory procedures by which certain agencies may order witnesses to testify.[7] The agency must, however, obtain the Attorney General's approval of such an order,[8] and the Attorney General has delegated the approval authority exercisable here to the Assistant Attorney General in charge of the Criminal Division.[9] The latter's approval was obtained before the Commission issued its second order instructing appellant to testify.[10] Thus far, then, that order met statutory and administrative specifications.

■ That the order was communicated to appellant by the Commission's Deputy Counsel did not alter appellant's duty to honor it. To be sure, the statute requires an order to testify to be communicated to the witness by "the person presiding over the proceeding,"[11] but that was precisely what was done. It is undisputed that the Deputy Counsel was the person in charge on the Commission's behalf of the sessions at which appellant's deposition was sought, and as such he plainly was "the person

the matter under investigation, as required by the subpoena. Any failure to obey such order of the court may be punished by the court as a contempt thereof.

**5.** See note 4 *supra.*

**6.** See 18 U.S.C. § 6002 (1982), quoted in pertinent part *supra* note 3.

**7.** See notes 2, 3 *supra* and accompanying text.

**8.** See 18 U.S.C. § 6004, quoted in pertinent part *supra* note 3; see also *In re Tse,* 748 F.2d 722, 724 (1st Cir.1984).

**9.** 28 C.F.R. § 0.175(a) (1984).

**10.** Appellant claims that the letter from the Assistant Attorney General, which was dated on the day of the deposition proceeding and which approved a grant of immunity to appellant and an order compelling his testimony, was invalid because chronologically it apparently followed the Commission's first order, which was dated on the day before. Whatever merit this objection might have with respect to the first order—a matter we do not decide—it certainly has none with respect to the second order, for the approval clearly was obtained prior to issuance of the Commission's later order.

**11.** See 18 U.S.C. § 6002 (1982), quoted in pertinent part *supra* note 3.

presiding over the proceeding." And even if both of the Commission's orders had been improperly communicated to appellant, that would not excuse his disobedience, with full knowledge of his immunity, of the District Court's subsequent order to testify.

Appellant's remaining contention is that his attorney's stipulation that he would continue his refusal to answer questions was not a sufficient predicate for the District Court's contempt order. This argument is completely out of place in the situation before us. When, after the Commission immunized appellant and directed him to testify, he persisted in his refusal, the Commission obtained from the court an order compelling his testimony. That order imposed its own requirement of compliance, which appellant consciously disregarded and thereby supplied the basis for the court's contempt adjudication.

Following issuance and service upon appellant of the District Court's order to testify, appellant twice personally refused to do so, with an acknowledged understanding of the consequences he thus invited. In the very words of the governing statute, it is the "failure to obey such order of the court" that "may be punished by the court as a contempt thereof."[12] Put another way, it is noncompliance with the court's order, not a Commission order, that lays the foundation for a subsequent contempt proceeding. The legal premise for the District Court's contempt citation, therefore, was not, as appellant would have us believe, his attorney's stipulation that appellant would invoke his privilege against self-incrimination.

The case boils down simply to this. Appellant was ordered by the District Court to testify. He was aware of the grant of immunity, and of the risk he would assume by not testifying, yet he personally refused to obey the order. In light of these events, the court's adjudication of civil contempt was clearly proper.

The order appealed from is

*Affirmed.*

---

**12.** Pub.L. No. 98–368, § 2(b)(1), 98 Stat. 490 (1984), quoted in pertinent part *supra* note 4.